# Greiner *against* Hummel.

In an action against two as executors, a service upon one, for whom there is a special appearance; a trial and judgment after the death of the executor upon whom the writ was served is erroneous.

ERROR to *Dauphin* county.

This was an action of *assumpsit* by Frederick Hummel against Valentine Greiner and John Keener, executors of Lawrence Keener deceased. The writ was returned served on Keener alone. M'Clure and Wilson appeared specially for Keener. The cause was referred to arbitrators who made a report for the plaintiff, from which Keener alone entered the appeal, but it was minuted on the docket as having been "by the defendants." On the 13th of May 1826, the defendant pleaded *non assumpsit, &c.* In 1827, M'Clure suggested the death of John Keener; and in 1829 filed a paper in the cause, giv-

ing notice that he was not the counsel of Greiner. In 1829 a jury was called, who rendered a verdict for the plaintiff of 279 dollars. A deposition was shown upon the trial, which was certified by the justice to have been taken in the presence of the defendants. A judgment was rendered on the verdict, upon which an execution issued against Valentine Greiner, surviving executor of Lawrence Keener deceased, when this writ of error was sued out.

*Champneys*, for plaintiff in error, whom the court declined to hear.

*Elder*, for defendant in error.

PER CURIAM.—It distinctly appears that Greiner, the present plaintiff in error, was not summoned, and that the attorneys of Keener, the other defendant below, appeared for him exclusively. Greiner was therefore not originally a party in court. In the submission of the cause to compulsory arbitration by Keener, the rule is expressly entered by "the defendant;" and an agreement indorsed on it *is signed* in the same way. What is there then to connect Greiner with the cause as a party? The appeal from the award is minuted in the docket as having been by "the defendants;" but bail to the appeal is given only by Keener, at whose death the counsel went out of the cause. Now, in determining a question of this sort, under our loose and perilous practice, we must look to every part of the record, and not to the mistaken construction put, by the prothonotary or his clerk, on the nature or legal consequences of a step taken in the cause ; and it is so clear on the whole that the plaintiff in error never was in court as a party, that to permit the plaintiff below to fix him as such, would be rank injustice. As to the return to the rule to take depositions, in which it is stated that "the defendants" appeared at the examination, it would be worse still to suffer him to be fixed by the blunder of the justice, who had no authority to record an appearance further than as it might operate as a waiver of notice, in respect to the time and place. The counsel of the plaintiff below has intimated that, at all events, a reversal of the judgment on the verdict, will leave the award in force against the plaintiff in error. How it can have that effect, when the judgment is reversed because the plaintiff in error never was a party either to the award or the appeal, it is for the plaintiff below to comprehend, as well as to calculate the probable consequences of any further attempt on Greiner's supposed liability.

Judgment reversed.